## DEPUTY *v.* TOBIAS.

A defendant, after a verdict and judgment against him in assumpsit, filed a bill in chancery for a new trial on account of newly-discovered evidence; averring that due diligence had been used, without effect, to procure the evidence previously to the trial: *Held*, on demurrer, that the bill would lie.

ERROR to the *Jefferson* Circuit Court.

HOLMAN, J.—*Deputy* filed his bill in chancery in the *Jefferson*

1b 318 *l.*
137   485

*Thursday,*
*November* 11.

Nov. Term, Circuit Court against *Tobias*, for the purpose of obtaining a
1824.    new trial in an action of assumpsit, in which *Tobias* had obtained
Deputy   a judgment against him on the common law side of said Court.
v.     The bill states that *Tobias*, by a parol contract, *undertook to*
Tobias.   perform for *Deputy* certain work and labour, as a carpenter, at
a specified price, a small part of which was to be paid in hand,
and the residue when the work was completed.    That *Tobias*
performed the principal part of the work, but not in a work-
manlike manner; and refused to perform the remainder.    That
*Deputy* paid him that part of the consideration which was
to be advanced, and a considerable part of that which was
not due until the work was finished, under a belief that *To-
bias* would fulfil his contract.    That *Tobias*, after abandon-
ing his undertaking, commenced an action against *Deputy* for
the work and labour so performed under the special agreement;
and declared in two general counts—one an indebitatus as-
sumpsit, the other a quantum meruit; to which *Deputy* pleaded
non-assumpsit and payment, but was unable, after using all the
diligence in his power, to find any witness by whom he could
prove the special contract; and, consequently, a verdict and
judgment were obtained by *Tobias* for the value of the work so
performed.    That after the rendition of the judgment, *Deputy*
discovered that by the evidence of two witnesses (who are nam-
ed together with their places of residence,) he could legally and
fully prove the special contract, and also the failure of *Tobias* to
perform that contract.    Prayer for a new trial of the issues at
law.

To this bill *Tobias* demurred; and the Court sustained the de-
murrer, and dismissed the bill.

The demurrer should have been overruled.    We think the
failure to defend at law is sufficiently accounted for; and, if the
contract was as is stated by the bill, the verdict and judgment
ought not to stand.    The only plausible ground of demurrer is,
that *Deputy* should have obtained, by a bill of discovery, the con-
fession of *Tobias* to be used in the trial at law.    But a bill of
discovery is the dernier resort in obtaining testimony; inasmuch
as when it is resorted to, it shuts the door against every other
method.    Therefore it is purely discretionary with every suit-
or, whether he will file such a bill or not; and he can never be
considered in laches for not seeking a discovery from the oppo-
site party.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the demurrer are set aside, with costs. Cause remanded, with directions to permit the defendant to withdraw his demurrer and answer the bill.

*Stevens*, for the plaintiff.

*Moore*, for the defendant.