ALFRED L. FIELD *et al.*, Respondents, *v.* ELLEN SANDERSON,
ADM'X OF GEORGE B. SANDERSON, Appellant.

*Practice—Foreign Judgment—Continuance.*—The fact that the plaintiff in the
original judgment has taken out execution thereupon and levied upon and
advertised for sale the lands of the defendant situate within the jurisdic-
tion in which the judgment was entered, affords no ground for a contin-
uance of the suit upon such foreign judgment, as it shows no present de-
fence to the action.

*Judgment—Fraud—Evidence.*—The defendant in the judgment is concluded
thereby, and he cannot under the allegation that the judgment was obtain-
ed by fraud, re-open the issues determined by that judgment, and give
testimony to impeach that given upon the trial.

*Appeal from St. Louis Common Pleas Court.*

Plaintiffs sued as assignees of John M. Keep, who had re-
covered a judgment against the intestate as garnishee of
Manchester & Wentworth, in Wisconsin.

Defendant pleaded fraud in obtaining the judgment.

The defendant presented an affidavit and asked for a con-
tinuance of the cause, setting forth that the plaintiff had is-
sued execution upon his judgment in Wisconsin to the sher-
iff of Rock county, and that said execution had been levied
upon lands belonging to the defendant, and that said lands
were advertised for sale by said sheriff on June 1st, 1861,
and that the lands levied upon were worth $5,000. This
affidavit was presented May 8, ~~1861.~~ *1861*

This motion for continuance the court overruled. The
parties then went to trial.

Plaintiffs offered in evidence the record of the judgment
of John M. Keep v. Sanderson, as garnishee of Manchester
& Wentworth, and proved the assignment of said judgment
to the plaintiff.

Defendant, to prove the issue upon his part, offered a complete transcript of the record, containing the bill of exceptions taken at the trial of the original cause in Wisconsin; which was excluded by the court, and defendant excepted. Defendant then offered several depositions, which were excluded by the court, and defendant excepted. This bill of exceptions and the depositions were offered by defendant to prove the issue that the judgment was obtained by the fraud of the plaintiffs. Defendant filed his motion for a new trial, on the ground of the overruling the motion for a continuance, the exclusion of the depositions, and the ruling out of the defence. This motion was overruled.

Sanderson died May 30th, 1861; his administratrix was made a party, and appealed.

*Whittelsey*, for appellant.

I. The court below erred in overruling the motion for a continuance. While suing upon the judgment, the plaintiffs had issued execution upon the judgment in Wisconsin, and had levied the same upon lands of the defendant in Wisconsin, and had advertised the same for sale, and both proceedings were going on together. By the record of said execution and the sheriff's return, it appears that $3,000 were made upon that levy; said record is herewith filed. In suits upon judgments, it is usually alleged that the party has received no satisfaction, nor has he issued execution thereupon. (2 Chit. Pl. 483.)

The levy upon property is a satisfaction *pro tanto*, and the continuance should have been granted that the defendant might have had the opportunity of pleading the satisfaction as far as the property levied upon paid the judgment. This was not allowed the defendant.

II. The defendant should have been allowed to show that the judgment was obtained by the fraud of the plaintiffs. The court refused the evidence.

That a judgment was obtained by fraud is a good defence. (Miles v. Jones, 28 Mo. 87.)

Fraud vitiates judgments, deeds, and all proceedings. (Duchess Kingston's Case, 20 How. St. Tri. 544; Fermor's Case, 3 Coke, 80 ; Paxton v. Cobb, 2 Miller, Lou. R. 137.)

*Lackland, Cline & Jamison,* for respondents.

I. The court below did not err in overruling the motion for a continuance. (30 Mo. 462; McLawrine v. Monroe, adm'x.)

II. The court below did not err in ruling out the depositions offered by appellant. The judgment sued upon was regular, was rendered by the Circuit Court in Wisconsin. The said court had jurisdiction of the subject matter and over the parties in said suit. (Grover v. Grover, 30 Mo. 400 ; Destrehan v. Scudder, 11 Mo. 484; Warren v. Lusk, 16 Mo. 102.)

It was held that in a suit upon a judgment rendered in another State, where the record showed that the defendant appeared by attorney, it was inadmissible to dispute the attorney's authority, although it appeared by the record that the defendant was not served with process.

BATES, Judge, delivered the opinion of the court.

This is a suit upon the record of a judgment rendered by a court in Wisconsin, against the defendant, and in favor of one Keep, who assigned it to the plaintiffs.

When the case was called for trial, the defendant filed an affidavit in which he stated that the plaintiffs were both insolvent; that an execution upon the judgment had been issued by the court in Wisconsin which had rendered the judgment, which execution had been levied upon lands of the defendant in Wisconsin (worth in ordinary times five thousand dollars), and the lands were advertised for sale under the execution, at a day then in the future.

For the reasons stated in the affidavit, the defendant moved for a continuance of the cause, and for leave to plead, in part satisfaction of the judgment, the payment of such sums of money as might be made upon said execution and

levy, when the sale by the sheriff shall have been made. The court overruled the motion and the defendant excepted.

There was no error in this action of the court. The matters stated in the affidavit showed no present defence to the action, and it would have been improper to continue the cause to await the result of proceedings elsewhere, which might or might not so result as to entitle the defendant to a credit upon his indebtedness established by the judgment.

The defendant's answer contained an averment that the judgment in Wisconsin was obtained by the fraud and covin of said Keep, and others in collusion with him.

To support that averment the defendant offered some testimony at the trial, which, upon objection by the plaintiffs, was ruled out by the court, and this ruling by the court is assigned for error. The testimony offered was the bill of exceptions showing the testimony given at the trial of the case in Wisconsin, and the depositions of witnesses to show that the facts were different from what they appeared to be by the bill of exceptions, and also to show that a witness whose testimony is contained in the bill of exceptions had made statements to defendant's attorney different from and conflicting with those which he made as a witness at the trial.

The judgment, of course, concludes the parties as to the matters in issue in the cause in which it was rendered, and it is only claimed that the testimony should have been admitted in evidence to establish that the judgment was obtained by fraud, and this supposed fact it does not tend to establish. It may well be that the judgment was rendered under a mistake as to the facts, and that a witness swore falsely (and it is impossible to know what credit was given to his testimony), but this does not tend to establish that the judgment was obtained by fraud. These facts may be entirely consistent with the most perfect good faith of the plaintiffs, and may indeed be the result of the negligence of the defendant himself in failing to produce testimony of the truth.

State, *ex rel.* St. Louis Police Commiss'rs, v. St. Louis Co. Court.

Nor can it now be determined whether the false testimony was material to the issues tried. The defendant cannot, by averring that the judgment was procured by fraud, re-open the issues determined by that judgment and give testimony to impeach that given at the trial.

The testimony here offered was incompetent to establish that the judgment was procured by fraud, and was properly excluded.

The judgment is affirmed. Judges Bay and Dryden concur.