Nicholson *v.* Nicholson.

Filed Jan. 24, 1888.

———◆———

No. 12,597.

## NICHOLSON *v.* NICHOLSON.

JUDGMENT.—*Power of Courts to Vacate.*—*Divorce Proceedings.*—Courts have inherent power to vacate or modify their judgments, for good cause shown, in a direct proceeding for that purpose, and judgments in divorce suits stand upon the same footing as other judgments, save only to the extent that the courts are restricted by specific statutory limitations.

SAME.—*Fraud in Obtaining Judgment.*—*Delay in Seeking Relief.*—A party who asks relief from a judgment obtained by fraud must proceed promptly upon the discovery of the fraud, and an unexplained ac-

quiescence, with knowledge of the facts and without valid excuse, for an unreasonable time, will defeat an action for relief.

SAME.—*Unreasonable Delay.—Insufficient Excuse.*—A delay of four years in proceeding to have a decree of divorce set aside, after knowledge of the fraud practiced in obtaining it, is unreasonable, in the absence of a showing of cause, and the fact that two inappropriate and unavailing actions had been previously brought does not excuse the delay in proceeding properly.

SAME.—*Judgment of Divorce Conclusive.—Action for Damages.—Estoppel.*—A judgment of divorce, while it remains in force, is conclusive upon the question as to the sufficiency of the cause to obtain the divorce, and is equally conclusive upon all questions pertaining to the property rights of the parties, and in relation to the right to a provision in the nature of alimony; hence, an action for damages for fraud in obtaining the decree will not lie.

From the Marion Superior Court.

*B. Harrison*, *W. H. H. Miller*, *J. B. Elam* and *G. T. Porter*, for appellant.

*J. L. Mitchell* and *F. Winter*, for appellee.

MITCHELL, C. J.—This suit was commenced on the 12th day of May, 1883, by Margaret A. Nicholson against David Nicholson to obtain relief from a decree of divorce, or, in the alternative, to recover a judgment for damages on account of fraud alleged to have been practiced by the defendant in obtaining the entry of a decree of divorce from the plaintiff, in the Marion Superior Court, in the month of February, 1879.

The complaint is in two paragraphs, and sets out, substantially, the following facts: The parties were married in 1870, and lived together until in January, 1879, when the defendant, without having any cause therefor whatever, commenced proceedings against the plaintiff in the superior court of Marion county to obtain a divorce, and falsely charged her in a complaint filed for that purpose with being an habitual drunkard. It is alleged that the plaintiff had no suspicion that the defendant entertained any thought of obtaining a divorce until she was served with a summons to answer his

Nicholson v. Nicholson.

complaint. Upon being remonstrated with, the plaintiff agreed with the defendant that he would dismiss his suit, and assured her that, because of his promise to abandon the proceedings, it would be unnecessary for her to give the subject any further attention, or take any steps toward defending the suit. Relying on his promise, the plaintiff took no steps to make any defence, but the defendant, in disregard of his agreement, which he made for the fraudulent purpose of misleading the plaintiff, and to prevent her from defending the suit, took a default, and obtained a judgment of divorce against her, without alimony, on the 5th day of February, 1879, she remaining in ignorance thereof for several days thereafter, and until after the adjournment of the February term of the court.

By way of excuse for not more promptly instituting her suit to set the judgment of divorce aside, the plaintiff avers in the second paragraph of her complaint that, having become aware of the fact that the defendant had obtained a divorce soon after /the adjournment of the February term, 1879, of the superior court, she was about to institute proceedings to have the decree set aside, when the defendant assured her that she was without any remedy, and promised her that if she would forego her purpose to set the decree aside he would make ample provision for her; that he renewed these promises from time to time, until in July, 1879, when he married again, and immediately thereafter repudiated all his previous promises.

It is charged that the person with whom the defendant contracted his second marriage had knowledge of the fraudulent manner in which he obtained the divorce from plaintiff, and that she knew that the defendant's purpose in obtaining the divorce from plaintiff was that he might contract marriage with her.

It is alleged that in December, 1879, the plaintiff employed counsel and brought suit in the Marion Superior Court to review and set aside the judgment of divorce, but that the

suit was decided against her upon a demurrer to her com-
plaint, on the ground that a judgment for divorce could not
be reviewed.

In September, 1881, she commenced suit in the Marion
Circuit Court to set the judgment of divorce aside. This
suit was decided against her upon the ground that the circuit
court had no jurisdiction to set aside a judgment rendered in
the superior court. In May, 1883, within two months after
the termination of the suit in the circuit court, she com-
menced this action.

The superior court at special term sustained demurrers to
both paragraphs of the complaint, and rendered final judg-
ment against the plaintiff below. Upon appeal to the gen-
eral term the judgment of the special term was reversed,
the court being of opinion that a good cause of action for
damages was stated in each paragraph of the complaint.

The inherent, common law power of all courts to vacate
or modify their judgments, for good cause shown, in a direct
proceeding for that purpose, is too firmly settled, both upon
principle and authority, to justify further discussion. *Nealis*
v. *Dicks,* 72 Ind. 374; *Cavanaugh* v. *Smith,* 84 Ind. 380;
*Hogg* v. *Link,* 90 Ind. 346; *Weiss* v. *Guerineau,* 109 Ind. 438.

In respect to the exercise of this power, judgments in
divorce suits stand upon the same footing as other judg-
ments, save only to the extent that courts are restricted by
specific statutory limitations. *Earle* v. *Earle,* 91 Ind. 27;
*Edson* v. *Edson,* 108 Mass. 590; *Adams* v. *Adams,* 51 N.
H. 388; *Johnson* v. *Coleman,* 23 Wis. 452; *Allen* v. *Mac-
lellan,* 12 Pa. St. 328; *Boyd's Appeal,* 38 Pa. St. 241; *Fi-
delity, etc., Ins. Co.'s Appeal,* 93 Pa. St. 242; *Zoellner* v.
*Zoellner,* 46 Mich. 511; *Yorston* v. *Yorston,* 32 N. J. Eq.
495 *Dunlap* v. *Cody,* 31 Iowa, 260.

The facts stated in the complaint, and admitted by the de-
murrer, put the proposition beyond dispute that the appel-
lant obtained a decree of divorce from his wife by the perpe-
tration of a most reprehensible fraud upon her. He violated

Nicholson v. Nicholson.

his agreement to dismiss his proceeding, and thereby prevented her from appearing in court to maintain the propriety of her conduct as a wife, and to vindicate her character from the serious aspersions made upon it by the appellant in his complaint for a divorce, or to secure such an award of alimony as, in the discretion of the court, she may have been entitled to, notwithstanding the alleged habitual drunkenness charged upon her. .

The power of the court which gave the decree being ample and plenary to that end, we must assume that, if its jurisdiction had been promptly invoked, the decree, if obtained by the methods disclosed in the complaint, would long since have been set aside. A court that has been imposed upon by a party, who has obtained its decree in his favor by fraud and imposition, will not be slow to vindicate the administration of justice by setting aside a decree so obtained, provided the injured party is diligent in invoking its aid in that behalf.

It is, however, a familiar proposition, and one upon which all the authorities agree, that a party who seeks the aid of a court, and asks to be relieved from a judgment obtained against him by fraud, must proceed promptly upon the discovery of the fraud. An unexplained acquiescence, with knowledge of the facts, and without valid excuse, for an unreasonable length of time, will defeat an action to obtain relief from a judgment. *Earle* v. *Earle, supra.*

While judgments in divorce cases are as fully within the common law power of the courts in which they are rendered as are other judgments, there are cogent reasons, which need not be enlarged upon here, for the application of the rule which requires diligence on the part of those who ask to have such judgments set aside for fraud. Public policy requires that persons who seek the aid of courts in this respect shall not neglect to take care of their own rights.

The present case was not commenced until the lapse of more than four years after the plaintiff had been fully in-

formed of the alleged fraudulent decree. Having learned of the divorce within a few days after it was obtained, she agreed to submit to the wrong and indignity which she alleges the appellant put upon her, and desisted from making an application to the court to have the decree set aside, upon the promise of the appellant to make a pecuniary provision for her out of his estate. The inference necessarily arises that the plaintiff did not regard the wrong perpetrated upon her by the defendant in obtaining the divorce as being of a character so serious as to preclude her from acquiescing in the decree, upon condition that a suitable money consideration should be paid or agreed upon. It is obvious, therefore, that the purpose of this suit is not so much to get rid of a judgment wrongfully obtained, as to compel the defendant to make provision by way of alimony to the plaintiff, and thus enforce the execution of the agreement upon which she desisted, until after the defendant married again, from bringing her action. Nichols v. Nichols, 25 N. J. Eq. 60 ; Singer v. Singer, 41 Barb. 139.

That a suit was brought in December, 1879, in the superior court to review the judgment, and that another action was brought in the Marion Circuit Court to set it aside for fraud, neither explains nor excuses the delay of over four years in seeking the intervention of the only tribunal which had the power, and asking it to. annul the judgment for fraud.

Following the rule which controlled the ecclesiastical courts, in which proceedings for divorce were formerly exclusively cognizable, the proper form of proceeding to vacate a decree obtained by fraud upon the party, or imposition on the court, is by petition to the court in which the decree was given. Edson v. Edson, supra.

It must be presumed that the plaintiff knew, when she filed her bill for a review of the judgment in the superior court, that the statute prohibited the filing of complaints to review judgments of divorce. Section 615, R. S. 1881 ; Earle v. Earle, supra ; Willman v. Willman, 57 Ind. 500. So, also,

Nicholson *v.* Nicholson.

she must be deemed to have understood the futility of an application to the circuit court to set aside a judgment obtained by imposition and fraud in and upon the superior court, instead of promptly invoking the aid of the latter court to set aside the alleged fraudulent judgment.

Our conclusion is, that neither paragraph of the complaint states facts which justify the intervention of the court to vacate the judgment complained of, because of the time which was permitted to lapse without bringing suit after the plaintiff had knowledge of the decree.

It is contended, however, that even though the appellee may be barred from setting the judgment aside, because of her inexcusable delay, she may nevertheless recover damages for the injury which she sustained on account of the fraud practiced upon her by the appellant, in obtaining an inequitable and injurious judgment against her. Hence it is said the complaint is maintainable as a suit for damages. This position is wholly inadmissible. The theory of the complaint, considered as an action in tort for damages, is, that the appellant, at the time of filing his bill, and when he obtained the decree, had in fact no cause for divorce; that the plaintiff below had faithfully discharged all her marital obligations, and that all the charges in the appellant's complaint for a divorce, which imputed misconduct to the appellee, were false and without foundation in fact. Hence, the theory is, the fraudulently obtained judgment which annulled the appellee's marriage, and disrupted her marital rights, without making provision for her support, resulted in such injury and damage as authorize her to maintain an action against the appellant. In short, the case comes to this: The appellee proposes to show in this collateral proceeding that the judgment of divorce ought never to have been rendered, or, if rendered, that provision ought to have been made therein for her support, and that because the appellant wrongfully obtained a judgment of divorce by the methods disclosed in the complaint, without making provision for her

support, she is entitled to maintain an action for damages. All this, however, wholly ignores and sets at naught the well settled and often reiterated rule, that a judgment rendered by a court having complete jurisdiction must be regarded by the parties thereto as speaking the exact truth in respect to all matters which were involved in the issue in that proceeding, so long as the judgment remains in force. However a judgment may have been obtained, unless it is void, it can not be ignored, and the rights of the parties again inquired into in a collateral proceeding. This was determined in the recent case of *Weiss* v. *Guerineau*, 109 Ind. 438, and the cases there cited. ·The rule applicable in this connection is well stated in the following language : " The settled policy of the law, forbidding that a matter once adjudicated shall be again drawn in issue while the former adjudication remains in force, does not permit the prosecution of an action for obtaining a judgment by false and fraudulent practices, or by false and forged evidence. Neither can a party against whom judgment has been recovered, sustain an action against his adversary and the witnesses for damages occasioned by their conspiring together and procuring a judgment by fraud or perjury, as long as the judgment remains in force unreversed ; because the charges made in the second action are conclusively negatived by the former adjudication." Freeman Judg., section 289.

The first judgment remaining in force, it operates as an estoppel against the plaintiff, and prevents her from proving the charges contained in the complaint for damages. *Dunlap* v. *Glidden*, 31 Maine, 435 (52 Am. Dec. 625) ; *Field* v. *Sanderson*, 34 Mo. 542 ; *Hillsborough* v. *Nichols*, 46 N. H. 379 ; *Mason* v. *Messenger*, 17 Iowa, 261.

It follows, that, so long as the judgment in question here remains in force, it concludes the plaintiff upon all questions relating to whether or not the appellant had sufficient cause to obtain a divorce at the time the decree was pronounced, and it is equally conclusive upon all questions pertaining to

the property rights of the parties, or in relation to the appellee's right to a provision in the nature of alimony. *Rose v. Rose*, 93 Ind. 179; *Behrley v. Behrley*, 93 Ind. 255.

These questions having been conclusively settled by the judgment in the divorce proceeding, they can not be opened up by alleging fraud in obtaining the judgment. The plaintiff can not thus again draw in question the very issues which were determined by the former judgment.

The judgment being valid so far as questions of jurisdiction are concerned, the allegation that it was obtained by fraud is unavailing to disturb its conclusive effect. Bigelow Estop. 150.

While that judgment stands, its conclusive effect can not be collaterally questioned, nor can any question be raised concerning the method by which the judgment was obtained, except in a direct proceeding to set it aside.

It follows that the judgment of the general term, to the extent that it held the complaint good as stating a cause of action for damages, was erroneous. It is, therefore, reversed, with costs.

