No. 15,555.

## HANOVER SCHOOL TOWNSHIP *v.* GANT ET AL.

125   557
137   480
125   557
143   436
125   557
146   390

PLEADING.—*Joint Demurrer.*—*Form of.*—A demurrer in the following form : " Now come (naming the defendants), and separately and severally demur to the plaintiff's cause of action, and say that said complaint does not state facts sufficient to constitute a cause of action against them jointly or severally," is a joint demurrer, both as to the parties and the pleading.

SCHOOLS.—*Joint Graded Schools.*—*Management of.*—*Trustees of Municipal Corporations.*—*Power of.*—*Section 4446, R. S. 1881, Construed.*—Under the provisions of section 4446, R. S. 1881, relative to the establishment and management of joint graded schools by the school trustees of two or more distinct municipal corporations for school purposes, the trustees act as individual trustees, and do not as a unit represent their respective corporations. A majority of the whole board of trustees, whether such majority come from one corporation entirely, or from the different corporations interested, have the power to transact any and all business, including the employment of teachers, relating to such joint graded school.

From the Shelby Circuit Court.

*T. B. Adams, L. T. Michener* and *I. Carter,* for appellant.

*B. F. Love, H. C. Morrison, K. M. Hord* and *E. K. Adams,* for appellees.

BERKSHIRE, C. J.—The complaint is in the nature of a bill in equity for an injunction. The appellees, who were the defendants below, submitted a demurrer to the complaint, which the court sustained, and the appellant abiding by its complaint reserved an exception, and judgment was rendered for the appellees.

There is but one error assigned, which brings in question the propriety of the court's ruling in sustaining the demurrer to the complaint.

The question suggested as to the form of the demurrer is immaterial to our conclusion, but in our opinion it is a joint demurrer, both as to the parties and the complaint. It reads:

" Now come (naming the defendants), and separately and severally demur to the plaintiff's cause of action, and say that said complaint does not state facts sufficient to constitute a cause of action against them jointly or severally." This is a joint demurrer as to the parties as well as to the pleading. *Axtel* v. *Chase*, 83 Ind. 546.

The following facts appear in the complaint: The appellant is a civil township in Shelby county, in this State, and hence one of the school townships of said county. Located in said township is the incorporated town of Morristown, which is a corporation for school purposes. Under the provisions of section 4446, R. S. 1881, the two municipalities, in the year 1885, established a joint graded school which, for all that appears in the complaint, was managed harmoniously by the representatives of the two corporations until about the commencement of the school year, 1889, when the trustees for the town and the trustee for the township became inharmonious as to the election and employment of teachers. The trustees of the town favored the employment of the appellees, Gant and Clark, and the township trustee opposed their employment. The town trustees claiming that they were in the majority and had the right so to do, elected and employed the said Gant and Clark as teachers over the protest and opposition of the township trustee, he insisting that he had an equal voice and vote in all matters pertaining to the management of said school to the three town trustees. This action was instituted to enjoin the trustees of the town from opening the said school, and the said Gant and Clark from teaching therein.

The one question that is presented for our consideration is, had the trustees of the town the power and authority to open and carry on said school, including the employment of teachers, notwithstanding the voice and vote of the township trustee to the contrary ? This question is only to be answered by placing a construction upon section 4446, *supra*.

It is contended for the appellant that in establishing and

managing a joint graded school the representatives, whether many or few, of each municipality act as a unit, and where there are two corporations interested, as in the case under consideration, the voice or vote is equal, and the representatives of the one can transact no business in the absence of the representatives of the other, or without their consent. Upon the other hand, the appellees contend that the trustees act numerically, and the action of a majority of the whole number, no difference how such majority is made up, is binding upon the corporations represented. The statute reads as follows:

" The school trustees of two or more distinct municipal corporations for school purposes shall have power to establish joint graded schools, or such modifications of them as may be practicable, and provide for admitting into the higher departments of their graded schools, from the primary schools of their corporations, such pupils as are sufficiently advanced for such admission. Said trustees shall have the care and management of such graded schools, and they shall select the teachers therefor. They shall have power to purchase suitable grounds for such graded schools and erect suitable buildings thereon; and the title to all such property, acquired for such purposes, shall vest jointly in the corporations establishing the graded schools."

Counsel for the appellees have directed our attention to clause second, of section 240, R. S. 1881, which reads: " Words importing joint authority to three or more persons shall be construed as authority to a majority of such persons, unless otherwise declared in the law giving such authority," and contend that it is controlling as to the construction to be placed upon the other section.

We can not agree with this contention. It ignores the controverted question, by assuming that there were more than three persons with joint authority to select teachers. If there were but two persons having joint authority, as is contended by appellant, the provision in section 240 is wholly

immaterial. Section 4446 stands alone as to the subject to which it relates, and in placing a construction upon it we are of necessity confined to the phraseology which the Legislature has employed to convey its intention.

In the beginning the language is not that two or more distinct municipal corporations for school purposes shall have power to establish joint graded schools, but the language is, " the *school trustees* of two or more distinct municipal corporations for school purposes shall have power to establish joint graded schools," and the sentence continues, " or such modifications of them as may be practicable, and provide for admitting into the higher departments of their graded schools, from the primary schools of their corporations, such pupils as are sufficiently advanced for such admission."

The language points to the trustees, in contradistinction to the corporations of which they are trustees; and we can not overlook the connections in which the plural pronoun " their," is employed, it appearing twice in the sentence. The reference to *graded schools* is, " *their* (the trustees) graded schools." The reference to *primary schools* is, " the primary schools of *their* corporations." In the one case the school is recognized as the school of the trustees, and in the other the school of the corporation.

The next sentence is not that said school corporations shall have the care and management of such graded schools, and shall select their teachers, but the language is "Said trustees shall have the care and management of such graded schools, and *they* shall select the teachers therefor."

And the closing sentence, instead of reading " said corporations shall have the power to purchase suitable grounds for such graded schools, and erect suitable buildings thereon," reads, " *they* shall have power to purchase suitable grounds for such graded schools, and erect suitable buildings thereon." The underscoring all the way through is our own, for the purpose of calling attention to the controlling words bearing upon the question under consideration.

It is evident that it was the intention of the Legislature that the trustees should act as individual trustees, and not as a unit represent their respective corporations; and that a majority of the whole board of trustees, whether such majority came from one corporation entirely, or from the different corporations interested, should have power to transact any and all business relating to such joint graded school.

We have not overlooked the last clause of the last sentence, which provides that the title to the property acquired for such joint graded school shall vest jointly in the corporations establishing a graded school.

The money is furnished by the respective corporations, and the property belongs to them; and therefore it is proper that the title should be held by them. This, however, indicates nothing as to the management of the affairs of the school, and throws no light upon the question under consideration.

The establishing and management of the school in no way depend upon who holds the title to the property.

We are of the opinion that the court committed no error in sustaining the demurrer to the complaint.

Judgment affirmed, with costs.

