Brake et al. v. Payne.

Filed April 24, 1894.

———————◆———————

No. 16,667.

BRAKE ET AL. v. PAYNE.

PLEADING.—*Joint Demurrer.—Practice.*—A demurrer addressed to an entire complaint, of two or more paragraphs, is a joint demurrer and is not well taken if one paragraph is good.

JUDGMENT.—*Fraud in Procurement.—Injunction.*—A judgment obtained by fraudulently preventing the appearance of the opposite party may be enjoined.

SAME.—*Concealment of Fraud.—Statute of Limitations.*—A suit to enjoin a judgment obtained by fraud and concealed, may, if the rights of third persons have not intervened, and if the positions of the parties have not been materially changed, be brought at any time within the statute of limitations, which only begins to run upon discovery of the cause of action.

SAME.—*Voluntary Change of Position.—Estoppel.*—A person who fraudulently obtains a judgment can not, by incurring expense in the issuance of an execution, so change his position as to estop the judgment defendant.

From the Clay Circuit Court.

*I. N. Pierce* and *J. T. Crandell,* for appellants.

*S. C. Stimson, R. B. Stimson, A. M. Higgins* and *H. A. Condit,* for appellee.

DAILEY, J.—This was an action by the appellee against the appellants to enjoin an execution and judgment for fraud in the procurement of the judgment.

Seven errors were assigned, all of which present but one and the same question, namely: Does the complaint state facts sufficient to constitute a cause of action?

The complaint is in two paragraphs; but the demurrer is addressed to the entire complaint, and is a joint demurrer. *Hanover School Township* v. *Gant,* 125 Ind. 557.

The demurrer is not well taken if either paragraph is good. *Redelsheimer* v. *Miller,* 107 Ind. 485.

Against the sufficiency of the complaint, the appellants advance two general propositions: that the complaint is a collateral attack upon a judgment; and, that it shows such delay in bringing the action as worked an equitable estoppel.

Pertinent to the first of these objections, the first paragraph states the following facts: Brake brought ejectment against Payne for land which Payne was not, and never had been, in possession of, but against which he held an equitable claim, which was a cloud upon Brake's title. While the action was pending, and before judgment, Brake, with the fraudulent design to procure a personal judgment against Payne, induced him not to make an appearance in the action, by representing to him that he did not desire nor intend to take a personal judgment, but only to quiet his title against Payne's equitable interest in the land, and by making an agreement with Payne that if Payne would not appear and set up his interest, but would permit Brake to quiet his title, Brake would not take a personal judgment against Payne. The latter, relying on these representations, and on this agreement, made default; whereupon Brake, in consummation of said fraudulent design, took a personal judgment against Payne for $50 and the costs.

The second paragraph states the same facts, but adds that pending said ejectment suit, and before judgment,

Brake, in pursuance of said fraudulent design, made a compromise of the matters pending between them, by the terms of which Brake was to have a judgment quieting his title, without a personal judgment against Payne.

It is contended by the appellee that these facts clearly charge a case of fraud in the procurement of the judgment; and, therefore, that the action is not, in the strictest sense of the term, a collateral, but a direct, attack upon a judgment.

A judgment procured by a fraudulent compromise may be set aside in a collateral action. *Spahr* v. *Hollingshead*, 8 Blackf. 415; *Moon* v. *Martin*, 122 Ind. 211.

"A party to the record may have a judgment set aside for fraud in obtaining it, but not for fraud in the cause of action on which it is founded, because he should have pleaded the fraud to the cause of action before the judgment was rendered." *State, ex rel.,* v. *Holmes, Admr.,* 69 Ind. 577 (589) (590); *Coon, Admr.,* v. *Welborn,* 83 Ind. 230.

"It is a well settled and familiar doctrine that in courts of equity a judgment may be enjoined for fraud in obtaining it, at the suit of the injured party." *Hogg* v. *Link,* 90 Ind. 346 (349).

Without any allegation of fraud in the obtaining of the jurisdiction, it is sufficiently settled that the procurment of the judgment by fraud, well pleaded, is an equitable defense. *Duringer* v. *Moschino,* 93 Ind. 495 (498); *Harman* v. *Moore,* 112 Ind. 221.

"Fraud in the procurement of the judgment is an extrinsic and collateral fact, and constitutes ground for a direct attack upon the judgment by a party thereto, by an application corresponding to an original bill in equity." *Hogg* v. *Link, supra.*

"The inherent, common law power of all courts to va-

Brake *et al. v.* Payne.

cate or modify their judgments, * * in a direct proceeding for that purpose, is too firmly settled, both upon principle and authority, to justify further discussion." *Nicholson* v. *Nicholson,* 113 Ind. 131 (134); Black on Judgments, sections 368, 369, 370, 371 and 373.

A very similar case to the one at bar is thus stated by this court in *Nealis, Admr.,* v. *Dicks,* 72 Ind. 374 (376): "That after Hamilton had begun the action in which the judgment was rendered, and after process served, the appellees compromised the claim which constituted Hamilton's cause of action; that Hamilton then agreed to dismiss his action; that appellees relied upon the agreement and gave the case no further attention; that judgment was rendered without their knowledge; that they did not know that judgment had been entered against them until the 30th day of October, 1877, and that they had performed their part of the agreement of compromise. It is also averred that the appellees had a meritorious defense to Hamilton's action.     *     *     * "The complaint shows that Hamilton's judgment was obtained by fraud. The facts pleaded bring the case fully within the rule declared by the adjudged cases. The violation by Hamilton of the stipulation contained in the agreement of compromise was, of itself, such a fraud as entitled the appellees to relief. The cases are full and explicit upon this point; a judgment obtained in violation of an agreement of compromise, and by which an appearance is prevented, will not be allowed to stand."

The second objection to the sufficiency of the complaint is that it shows such delay in seeking relief that it should be denied.

The facts pertinent to this question, stated in the first paragraph of the complaint, are as follows: That the judgment in controversy was taken May 2, 1879. The

fact of the judgment being taken was unknown to appellee until January 12, 1885, having been concealed by the fraudulent manner of its procurement, and the subsequent silence of appellant, Brake, who made no effort to collect the judgment until January 19, 1889, when he caused the issue of the execution in controversy. This action was commenced on the 11th day of February, 1889.

In addition to these facts, the second paragraph shows that the fact of the existence of such judgment was first disclosed to appellee in an action in the Vigo Superior Court, in which Josiah Locke was plaintiff and said Brake and Payne defendants; and in which Brake, on the 12th day of January, 1885, filed a cross-complaint against Payne, setting up said judgment, and seeking to enforce it; to which cross-complaint Payne answered said fraud in procuring it; that the issue thus formed was continued after disposal of the principal action, and was never tried, but had been dropped from the docket without order of court, by the negligence of the clerk or by direction of said Brake.

There are many cases holding that a long and unexplained delay in asking equitable relief is cause for denying relief; but these are cases where the position of the parties had become materially changed or the rights of third persons had intervened in consequence of such delay, as, for example, the following cases cited by the appellants' counsel in their able brief: *Earle* v. *Earle*, 91 Ind. 327, which was an attempt to set aside a judgment of divorce for fraud in its procurement, after the wrongdoer had remarried; *Nicholson* v. *Nicholson, supra,* in which it appears that the defendant had remarried when the action was commenced; *Indiana, etc., R. W. Co.* v. *Bird*, 116 Ind. 217, in which the judgment defendant sought to correct an error in a judgment af-

ter it had passed, by assignment, into the hands of a third party.

The case at bar is distinguished from those cited by the appellants, in that the complaint shows that the rights of third parties had not intervened, and that the positions of the parties had not been materially changed. The only change the appellants seek to point out, is the fact that Brake incurred the expense of issuing the execution in controversy; but no authority is offered in support of this view of the case.

Appellee seeks to enjoin an execution shown to have been wrongfully issued by the appellant Brake; and in defense of this wrongful act he urges the mere fact of the performance of the wrongful act by him; and he insists that by his own wrongful act he has so changed his position that equity ought not to interfere to prevent the consummation of his fraudulent conduct.

It is a familiar maxim that a person can not take advantage of his own wrong.

Another point is, that Brake did not cause the execution to issue without notice from appellee that the fraudulent character of the judgment was asserted.

As stated, it appears from the complaint that several years before the issuing of the execution, Brake filed a cross-complaint against Payne to enforce this judgment; and Payne set up the fraud complained of, in defense. This challenge the appellant Brake did not see fit to accept, but suffered his action to drop from the docket untried, and without order of court. In such a case, we think, the only bar to the action is the statute of limitations. The facts alleged show an absolute concealment of the fact of the procurement of such judgment from May 2, 1879, to January 12, 1885; and the action was brought February 11, 1889, bringing the case within the provisions of section 300, R. S. 1881, Burns' Rev. 1894,

section 301, stipulating that the statute does not begin to run till the discovery of the cause of action.    *Pate, Exr.,* v. *Tait,* 72 Ind. 450; *Runyon* v. *Snell,* 116 Ind. 164.

Since the distinction ''between actions at law and suits in equity'' was abolished—section 249, R. S. 1881; Burns' Rev. 1894, section 249—this court has held that the statute of limitations applies equally to both classes of actions, and that litigants, in the absence of matter in estoppel, have in all cases the full time given by the statute, in which to bring actions.    *Potter* v. *Smith,* 36 Ind. 231 (236); *Harper* v. *Terry,* 70 Ind. 264.

''There may be cases of statutory proceedings, or cases of purely equitable cognizance, where the laches of a party may be of such a character, and under such circumstances, as will bar his right to prosecute his action, in less time than that fixed by the statute of limitations.  But that is only in cases where the laches are of such a character and under such circumstances as to work an equitable estoppel.''    *Scherer* v. *Ingerman, Admr.,* 110 Ind. 428 (433).

The suing out of an execution upon a fraudulent and unconscionable judgment was a new wrong, or, at least, a renewal of the original wrong.   If the issuance of the execution in consummation of the original wrong was not, independently, an injury for which an injunction might be had, it was a resort to the process of the court to complete the original injury; and it is clearly the duty of a court of equity to forbid such an abuse of its processes, although, in other respects, it might be disposed to leave the parties where it found them.   In this case, the circumstances, shown by the record, are all such as appeal to a court of conscience for aid.    *Deputy* v. *Tobias,* 1 Blackf. 311; *Carrington* v. *Holabird,* 17 Conn. 530;

Pittsburgh, Cincinnati, Chicago and St. Louis Ry. Co. *v.* Harden *et al.*

*Hoskins* v. *Hattenback*, 14 Iowa, 314; *How* v. *Mortell*, 28 Ill. 478.

We find no error in the record.

The judgment of the lower court is affirmed.

Filed April 18, 1894.