NOVAK, (NOW GEMBERLING) *v.* NOVAK

[No. 18,767.  Filed April 17, 1956.]

*Oscar C. Strom* and *Charles K. Whitted,* of Gary, for appellant.

*Mark Storen,* of Michigan City, for appellee.

KENDALL, J.—Appellant and appellee were formerly husband and wife. On August 15, 1951, in divorce proceedings instituted by appellant against appellee, the LaPorte Superior Court granted appellant a divorce and found *inter alia,* that appellant was the owner of certain real estate and a dwelling house located thereon, acquired by her prior to her marriage to appellee; that during their marriage, appellee "rendered considerable services and furnished part of the necessary material in the remodeling of the old dwelling house situated" on said real estate, by reason of which "the value of plaintiff's (appellant's) property has been substantially increased" (there being no finding as to the character or nature of said services and materials nor the amount and value thereof) ; that "in order to do equity between the parties" said real estate should be divided "65% in value to plaintiff (appellant) and 35% in value to defendant (appellee)" subject to an outstanding mortgage, and each of the parties "shall have a lien" for his or her respective interest therein.

No appeal from the judgment in said cause was taken by either party and the record discloses no motion by either party attacking or seeking to modify either said finding or the judgment therein. Thereafter, on April 26, 1952, appellant married again. No further action was taken relative to said finding and judgment in said divorce proceeding until this action was commenced on July 13, 1953.

Appellant instituted the present action to quiet her asserted title to said real estate. Appellee filed a counter-claim alleging the divorce finding and decree,

that the real estate on the date of said finding and decree was of the "approximate value" of $12,000.00 and that thirty-five (35%) per cent thereof "would be" the sum of $4,200.00; that said $4,200.00 was a lien on the property and is unsatisfied; and praying that the court determine his lien and interest in the property to be in the amount of $5,000.00. The court made special findings of fact and stated two conclusions of law thereon, (1) that the law is against the plaintiff (appellant) on her complaint and with the defendant (appellee) on his answer; (2) that by virtue of the "judgment" of the LaPorte Superior Court (the divorce decree) the defendant (appellee) acquired "an interest" in appellant's real estate. The judgment was that appellant take nothing by her complaint, and that appellee take nothing by his counter-claim. There was no evidence as to the value of the real estate as alleged in the counter-claim.

The errors presented by appellant's motion for a new trial and the assignments of error are that the decision of the court is contrary to law and that the court erred in each of said conclusions of law.

It is worthy to note, in view of appellant's contentions, that within due time after the decree was rendered in the divorce proceedings referred to herein, appellant filed her motion for new trial, which was overruled. Thereafter, she did not pursue any further action regarding the divorce case insofar as an appeal was concerned. Almost two years after the overruling of the new trial motion in the divorce case, which was tried in the LaPorte Superior Court, the appellant then filed this action in the LaPorte Circuit Court to quiet title to the real estate referred to in the divorce case. Appellant, as a part of her evidence in chief, introduced into evidence the

special findings of fact and conclusions of law and the decree. The record does not reveal any evidence being introduced as to the value of the real estate in the respective interests of the parties as adjudged by the trial court in the divorce case. It is evident, therefore, that the trial court correctly found against appellee on his counter-claim. In the absence of any evidence to sustain the allegations in the counter-claim that the property was of the "approximate value of $12,000.00", the court could make no finding or adjudication of appellee's asserted lien and interests thereon.

On the other hand, appellant's evidence revealed the judgment of a court of competent jurisdiction, having jurisdiction of the parties in the divorce proceedings wherein appellant was awarded a divorce from appellee and which judgment made by the trial court in the divorce case, provided as follows:

> ". . . that in order to do equity between the parties herein plaintiff's real estate should be divided in the following manner and proportions, to-wit: 65% in value to plaintiff and 35% in value to defendant, subject to outstanding mortgage and debts thereon, if any. And each of them shall have a lien on the above described real estate of plaintiff for her or his respective interest thereon."

It is evident that on the face of the judgment in the divorce case, from which there was no appeal, even if the same be considered erroneous, as appellant maintains, appellee was undoubtedly awarded by the trial court a record interest in appellant's real estate. The trial court from which this appeal is taken was bound by the judgment rendered in the divorce case unless it was void, which contention is not made. If such contention were asserted, the parties having accepted the benefits thereof and having re-married, would be estopped to question the validity of

such divorce decree. The divorce decree which adjudged the respective interests of these parties in appellant's real estate remained unattacked until this date except by this collateral attack. It therefore shows that appellant's assertion in her complaint to quiet title that appellee's claim of interest in her real estate was "without right and unfounded", was disproved by appellant's own evidence.

A divorce decree terminates the marital obligations and by the very nature of the litigation, all property rights growing out of such relations, are likewise settled and included in such proceedings. A divorce decree is conclusive upon all questions pertaining to the property rights of the parties affected thereby. *Nicholson* v. *Nicholson* (1888), 113 Ind. 131, 15 N. E. 223.

The LaPorte Superior Court had jurisdiction and did determine the cause of action therein pending, which was the divorce case. Under no construction can we see that the LaPorte Circuit Court, where the suit to quiet title was filed, had any jurisdiction over the subject matter of the parties since they were adjudicated, which judgment remained unappealed from in the divorce decree of the LaPorte Superior Court. *Gilkison et al.* v. *Darlington* (1952) (T. D. 1952), 123 Ind. App. 28, 106 N. E. 2d 473. The appellant had the opportunity, had it been pursued, to have the question sought to be settled in this law suit determined in her first suit originally filed in the LaPorte Superior Court. It is a general policy of the law that courts refuse to grant negligent litigants a second opportunity to present merits, if any, of their case. Again, if there be merit to appellant's contention that the judgment in the divorce case contained surplusage and was not rendered according to law, such contentions

were a matter for appeal in the divorce case and not a suit to quiet title two years thereafter. By appellant's own actions, she permitted the judgment in the divorce case to become final. The LaPorte Superior Court had sufficient authority to afford relief if appellant was entitled thereto, but, upon her neglect to avail herself of such opportunities, she cannot so complain in a collateral manner.

The judgment rendered in the LaPorte Superior Court could have been more aptly and definitely worded and provision could have been made for the transferring of the respective interests of the parties; however, the parties affected thereby made no objection thereto, accepted the benefits thereof, and such judgment cannot now be set aside or modified in a collateral manner.

It is well settled in the case of *In re Boyer's Guardianship, Rittenour* v. *Hess* (1931) (T. D. 1933), 96 Ind. App. 161, 174 N. E. 714, that proceedings to review a judgment for error of law is substitute for appeal and will lie only when appeal might be taken. Where a judgment is valid in part, it will be permitted to stand unless steps be taken by objections presented to the trial court to secure a modification thereof however erroneous it may be. *Smith* v. *Hill* (1929), 200 Ind. 616, 165 N. E. 911.

Whether the judgment rendered in the divorce case was one that should have been rendered is a matter that is not before this court and cannot be presented collaterally. If appellant is sincere in such contention, she should have sought relief in the original action in which she claims to have been harmed. *State ex rel. Clark* v. *Rice* (1943), 113 Ind. App. 238, 47 N. E. 2d 849. This court is not now permitted to concern itself with the findings and judgment of the divorce case.

In the case of *McKay* v. *Carstens* (1952), 231 Ind. 252, 108 N. E. 2d 249, the court said:

". . . when a divorce case is tried in an Indiana court having jurisdiction of the subject matter and parties, and the care and custody of a child is fixed in the decree rendered, the decree remains binding upon the parties and the court until it is set aside or modified in a subsequent or supplemental proceeding in the same cause. *It cannot be modified by a collateral proceeding of habeas corpus even in the same court* (our emphasis) that rendered the decree, *over the objection of either party.*"

Under these facts, the court had no other prerogative than to find against the appellant on her complaint. There are many questions and contentions proposed by the parties, but, in view of the record and the evidence as presented, we find no error in the action of the trial court. In fact, it is difficult to conceive how the trial court in this action could have done otherwise.

Judgment affirmed.

Crumpacker, J. not participating.

NOTE.—Reported in 133 N. E. 2d 578.