468

GEMBERLING v. NOVAK.

[No. 18,858. Filed January 21, 1958. Rehearing denied February 21, 1958. Transfer denied May 9, 1958.]

*Oscar C. Strom* and *Charles K. Whitted,* of Gary, for appellant.

*Mark Storen,* of Michigan City, for appellee.

BOWEN, J.—This is an appeal from a judgment in an action brought for the partition of real estate.

The appellee and appellant were previously married and divorced. In the complaint in two paragraphs filed in the court below, the appellee claimed to be the owner of an undivided thirty-five per cent interest in the real estate in question by virtue of a judgment and order of the LaPorte Superior Court granting a divorce to the appellant and settling the property rights of the parties. The second paragraph of complaint alleged that appellee had a judgment and lien against the real estate and asked for a money judgment. The appellant filed a demurrer to each separate paragraph of the complaint and the court overruled appellant's demurrer to paragraph one of appellee's complaint, which action is assigned as error in this appeal, and the court sustained appellant's demurrer to paragraph two of appellee's complaint, and judgment was entered against the appellee for failure to plead over as to such paragraph two. Appellant filed answer to appellee's paragraph one of the complaint in which she denied the allegations of such paragraph of appellee's complaint except the allegation as to a certain mortgage interest which is not in question in this appeal.

Trial was had by the court without intervention of a jury and the court entered a decree and judgment ordering partition and sale of appellant's real estate. In its decree and judgment the court set out that the appellee, Harry Novak, was the owner of the undivided thirty-five per cent of the real estate in question as a tenant in common, and that the appellant, Helene Novak Gemberling, was the owner of an undivided sixty-five per cent of the real estate in question; that such real estate was indivisible and not susceptible of

partition and cannot be divided among the owners thereof, and that sale should be made and the proceeds distributed in accordance with the rights and interests of the parties as found by the court. The judgment provided that the property be sold by a commissioner upon the conditions ordered by the court.

The appellant filed her motion for a new trial which was overruled and this appeal followed. The grounds of such motion for a new trial were that the decision of the court is not sustained by sufficient evidence and is contrary to law, that the court erred in overruling certain objections to the introduction of evidence, and the court erred in overruling appellant's motion for a finding in favor of such appellant at the close of appellee's evidence, and that the court erred in overruling the demurrer of the appellant to appellee's paragraph one of the complaint. Errors assigned in this court for reversal are that the court erred in overruling appellant's motion for a new trial and that the court erred in overruling the demurrer of appellant to appellee's first paragraph of complaint.

From the evidence and the record before us in this case it appears that the appellant and appellees were formerly husband and wife; that they were divorced on August 15, 1950, by the decree and judgment of Special Judge J. A. Fleishbein, of the LaPorte Superior Court, which judgment and decree, in addition to dissolving the bonds of matrimony between the parties and granting the appellant a divorce, further found, adjudged and determined as follows:

"The court further finds that the plaintiff is the owner in fee simple of (describing the real estate) and the dwelling house situate thereon, which she acquired sometime prior to her marriage to the defendant herein. The court also finds that during the marriage of the parties herein the defendant rendered considerable services and furnished part

of the necessary material in the remodeling of the old dwelling house situate on the above described real estate, by reason of which the value of plaintiff's property has been substantially increased. That the defendant purchased a few articles of household furniture, which are in the possession of plaintiff.

"The court further finds that the defendant is the owner of (describing the real estate in question) and a garage situate thereon and one automobile, which is in the possession of defendant.

.   .   .

"That plaintiff is the owner of all furniture in the possession of the parties herein. That the defendant is the owner of the automobile in the possession of the parties herein.

"And the court further finds that in order to do equity between the parties herein plaintiff's said real estate should be divided in the following manner and proportions, to-wit: 65% in value to plaintiff and 35% in value to defendant, subject to outstanding mortgage and debts thereon, if any. And each of them shall have a lien on the above described real estate of plaintiff for her or his respective interest therein."

By the assigned errors we are called upon to determine whether or not the appellee possessed such an interest in the real estate in question by virtue of such judgment of the LaPorte Superior Court which would entitle him to a partition of such real estate under the statutes providing for partition in this state.

Our Indiana partition statute is §3-2401, Burns' 1946 Replacement, and it provides that "Any person holding lands as joint tenant or tenant-in-common, whether in his own right or as executor or trustee, may compel partition thereof in the manner provided in this act. . . ."

This court, in a previous action between the parties hereto, *Novak, etc.* v. *Novak* (1956), 126 Ind. App. 428, 133 N. E. 2d 578, in a suit brought by the appellant

to quiet her title to the real estate in question, upheld the holding of the lower court that the appellant was not entitled to quiet her title to the real estate in question and in such opinion recited the provisions of the divorce decree which are in evidence in the instant case, and stated:

> ". . . appellee was undoubtedly awarded by the trial court a record interest in appellant's real estate. . . . The divorce decree which adjudged the respective interests of these parties in appellant's real estate remained unattacked until this date except by this collateral attack. . . .
>
> "A divorce decree terminates the marital obligations and by the very nature of the litigation, all property rights growing out of such relations, are likewise settled and included in such proceedings. A divorce decree is conclusive upon all questions pertaining to the property rights of the parties affected thereby. *Nicholson* v. *Nicholson* (1888), 113 Ind. 131, 15 N. E. 223.
>
> "The judgment rendered in the LaPorte Superior Court could have been more aptly and definitely worded and provision could have been made for the transferring of the respective interests of the parties; however, the parties affected thereby made no objection thereto, accepted the benefits thereof, and such judgment cannot now be set aside or modified in a collateral manner."

A determination of the questions presented in this case requires a consideration of the power of the court under the law of this state to set off interests in real estate to the respective spouses. The Legislature of this state, by Chapter 120 of the Acts of 1949, §3-1218, Burns' 1946 Replacement (1957 Supp.), granted broad powers to the court in a divorce action to order the transfer of property as between the parties, whether real, personal, or mixed, and as stated by this court in *Gray* v. *Miller* (1952), 122 Ind. App. 531, 106 N. E. 2d 709, ". . . the legislative intent is apparent to adopt the policy of recognizing the case law which

grants broad powers to a divorce court to fully adjudi-
cate the rights of the parties and order the transfer
of real estate between the parties in proper cases."

When we examine the entire decree and judgment
in the divorce case between the parties in the instant
case it is apparent that the court adjudicated the rights
of the parties and their respective record interests in
such real estate, and in substance and effect ordered
the transfer of the respective interests of the parties
as set forth in such decree and judgment.

It is true, as this court stated in the previous case
between these parties, *Novak, etc.* v. *Novak, supra,* it
could have more aptly and definitely worded
and provision could have been made for the
transferring of the respective interests of the
parties. However, the only acts remaining would con-
stitute ministerial acts only, and the force and effect
of the judgment determining the respective interests
of the parties stands in bold relief in clarity and with-
out ambiguity. Such judgment was sufficient to vest
interests in the real estate in the parties upon the dis-
solution of the marriage, and considering the statutes
relating thereto, the lower court was not in error in
holding and determining that the parties' interests
were sufficiently in rapport with titles of tenancy in
common as to justify the court to order partition under
the applicable Indiana partition statute cited *supra.*

Appellant's assignments, based upon alleged error
in the introduction of evidence, are predicated upon
the contention that the divorce decree was improperly
introduced into evidence without foundation and with-
out proof of title. The argument in support of these
assignments is based mainly upon the reasons given in
support of the other assignments of error, and after
a careful examination of the record we do not find that
the court was in error, nor has the appellant shown

that a proper foundation was not laid for the introduction of such divorce decree into evidence.

The appellant urges that there are words within the decree granting the appellee a lien on appellant's real estate. However, we must consider the decree and judgment as a whole and such judgment provided that each of the parties shall have a lien on the above described real estate for his or her respective interest, and furthermore definitely and unequivocally adjudicated that such real estate was to be divided "65% in value to plaintiff and 35% in value to defendant."

By a consideration of the entire language of the judgment and decree it is apparent that the lower court has ordered the division of the property under the broad powers granted by Chapter 120 of the Acts of 1949, §3-1218, Burns' 1946 Replacement (1957 Supp.).

It is stated in Henry's Probate Law and Practice, Volume 2, 6th Edition, Page 1916, Paragraph 2:

> ". . . After the adoption of the Civil Code and the abolition of the distinction between actions at law and suits in equity, it was held that courts had jurisdiction and power in partition proceedings to settle questions of title. 'There seems to be no good reason why all questions of title and possession may not, under the statute, be settled in the suit for partition.'" (Citing *Godfrey* v. *Godfrey* (1861), 17 Ind. 6)

In the case of *Walcott* v. *Wigton* (1855), 7 Ind. 44, the court held:

> "The intention to confer jurisdiction in cases of partition, is as clearly expressed as language can well make it. In the petition, it is required that the rights and titles of the parties interested shall be set forth. Taking these two provisions together, it is very clear that the mere averment of title in the petition, and consequently the denial of it in answer, cannot be taken to divest the jurisdiction. For as every petition must aver the titles of the

parties interested, if known, then it would follow, that in every such petition the title would appear to be in controversy; . . . ."

This court stated in *Coquillard* v. *Coquillard* (1916), 62 Ind. App. 426, 436, 437, 113 N. E. 474:

"One may be divested of his estate by operation of law, and without his consent, as for illustration, by the decree of a court entered in a proper proceeding where the court has jurisdiction over his person and the subject matter of the action. . . .

" . . . In a partition proceeding, the rights of the parties, whether legal or equitable, are equally within the cognizance and protecting power of the courts."

For the reasons given herein the appellee was entitled to a partition of the real estate in question and the lower court did not err in overruling the demurrer to paragraph one of appellee's complaint, or in overruling appellant's motion for a finding in her favor at the close of appellee's evidence, or in overruling appellant's motion for a new trial, and the judgment of the court below is not contrary to law and is sustained by sufficient evidence.

Judgment affirmed.

Crumpacker, J., not participating.

NOTE.—Reported in 147 N. E. 2d 240.