STATE EX REL. RED SPOT PAINT AND VARNISH CO., ETC., ET AL. *v.* VANDERBURGH CIRCUIT COURT, BEAVERS, SPECIAL JUDGE.

[No. 30,794. Filed November 4, 1965. Rehearing denied April 7, 1966.]

*John D. Clouse,* of Evansville, for relator Red Spot Paint and Varnish Co., Inc., and *George C. Barnett,* of Evansville, for relator Anchor Supply Company, Inc.

*F. Wesley Bowers,* of Evansville, for respondent.

ACHOR, J.—Relators, on September 18, 1964, as plaintiffs in separate causes of action filed their complaints in the Vanderburgh Circuit Court against defendants City of Evansville, Indiana, acting for and on behalf of the City of Evansville Redevelopment Commission, said causes being an appeal from the action of the Evansville Redevelopment Commission in confirming its Declaratory Resolution # 5 relating to an urban renewal project of said commission, entitled "Riverside Urban Renewal Project, Ind. R-48." In their respective appeals each of the plaintiffs alleged that they own property (real estate) within the proposed project area which, under the proposed plan, would be appropriated and demolished. They further alleged that the action of the commission in establishing the proposed renewal area was arbitrary and capricious and constituted an abuse of discretion by the Redevelopment Commission; that the real estate within the project area was not blighted to such an extent that the same constituted a menace to the social and economic interest of the city of Evansville and its inhabitants; that the real estate and improvements located thereon owned and used by the plaintiffs was structurally sound, complied with all building codes and regulations and did not in any respect constitute a menace but, rather, a benefit to the social and economic interests of the city of Evansville and its inhabitants and that the appropriation was not required by reason of any proven effect upon the public health, morals or safety of the community. It is further asserted that the action of the commission is unconstitutional, in that it is an attempt to appropriate private property for private use.

On December 8, 1964, the respondent, Addison M. Beavers, acting as special judge in said actions, pursuant to the verified motion and petition of relator Anchor Supply Company, Inc., issued his order in each of said actions commanding Raymond A. Anderson, executive secretary of the Evansville Redevelopment Commission, to forthwith submit to his conditional examination or discovery depositions at his offices. and to

thereupon produce all of his books, documents and records relating to the aforesaid actions and to permit relator, Anchor Supply Company, Inc., and other interested persons to examine and inspect same and to thereupon answer such questions and inquiries relevant to the issues in said actions that may be propounded to him by said relator and other interested parties with reference to such books, records and documents.

Thereafter, on June 3, 1965, counsel F. Wesley Bowers, filed on behalf of the commission and the city of Evansville their verified answers and objections to relators' aforesaid motion, and, on June 7, 1965, the respondent judge entered his order in said proceedings denying and overruling relators' aforesaid affidavit and verified motion for an order requiring defendants in said actions to produce for inspection and copying before trial those certain documents certified in said motion, to which action and ruling of the court relators did expressly object and except, but said respondent judge did, on the same date, enter an order which commanded Raymond A. Anderson to answer certain questions propounded to him in his discovery deposition in accordance with the motion and affidavit of relators theretofore filed in said actions.

Thereafter, on June 11, 1965, relators filed in said actions their motion under Rule 2-35 of this court presenting and bringing to the further attention of the respondent his duty to sustain the aforesaid motion to produce documents for copying and inspection before trial.

It is asserted that the appraisals, books, documents, papers and things identified in relator's said motion are not independently, realistically or competently made and that they do not reflect the fair value of parcels of property which the commission proposes to acquire in the project area, or the true facts regarding the alleged blight and decay of said area or other findings which support the conclusions reported therein regarding the effect of said area upon the health, morals and safety of the community. Further, relators assert

that because of the laws of condemnation it will be impossible for them to recover losses sustained by them because of the appropriation of their respective businesses presently operated in said properties.[1] They assert that, therefore, such condemnation will result in irreparable damages to them, for which they have no adequate remedy by appeal.

We now give consideration as to whether, under the circumstances above presented, it was the mandatory duty of the trial court to order the production and inspection of records as requested by relators, thus bringing the action within the authority of this court to issue a writ of mandate with respect thereto. Acts 1963, ch. 278, § 1, p. 424, being Burns' Ind. Stat. Anno. § 3-2201 (1965 Supp.).

Under the Acts of 1881 (Spec. Sess.), ch. 38, §§ 353 and 354, p. 240, being Burns' Ind. Stat. Anno. §§ 2-1644 and 2-1645 (1946 Repl.), it could be said that there was not a clear and mandatory duty on the part of the trial court to order the production and inspection of such records since both sections of the statute merely provided that the judge "may" order the production of such records. Under such circumstances it could be argued with some reason that the action of the trial court was discretionary even though the records involved were public records and their examination by persons whose property was sought to be appropriated was necessary in order to determine whether the action of the Plan Commission was arbitrary and capricious or whether it was based upon substantial information which reasonably supported the proposed action of the commission.

However, we are confronted with the fact that the 1965 legislature amended § 2-1644, *supra*, by passage of the following enactment:

---

1. State v. Hierholzer (1965) 246 Ind. 632, 207 N. E. 2d 218; Elson v. City of Indianapolis (1965), 246 Ind 333, 204 N. E. 2d 857; State v. Hastings (1965), 246 Ind. 475, 206 N. E. 2d 874.

"The court, or judge thereof, *shall,* upon affidavit of their necessity (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which are in his possession, custody or control and which constitute or contain evidence relating to any matter which is relevant to the subject involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party. It is not ground for objection that the designated documents, papers, books, accounts, letters, photographs, objections, or tangible things will be inadmissible at the trial if they appear reasonably calculated to lead to the discovery of admissible evidence; or (2) . . . The order *shall* specify the time, place and manner of making the inspection and taking copies and photographs, and may prescribe such terms and conditions as are just." [Our emphasis.] Acts 1965, ch. 140, § 1, p. 219.

The above section of the act, as amended by the 1965 legislature, now makes it the mandatory duty of the court to grant the relief sought by relators by substituting the word "shall" for the word "may."

Relators' petition for writ of mandate is therefore granted and respondent is permanently prohibited from proceeding or conducting further proceedings in said actions until relators are given an opportunity to inspect and copy those parts of the appraisals, documents, papers, books, accounts, and things identified in their said motion to produce which they consider necessary to the preparation of their cause of action.

The petition is, therefore, granted.

Jackson, C. J., Arterburn, Landis & Myers, JJ., concur.

NOTE.—Reported in 211 N. E. 2d 181.