STATE OF INDIANA, ON RELATION OF ESSEX WIRE CORPORATION
v. GRANT CIRCUIT COURT, ETC.

[No. 30,968. Filed October 18, 1967.]

*Gemmill, Browne, Torrance, Sisson & Morin* and *John R. Browne, Jr.*, both of Marion, for relator.

*Livingston, Dildine, Haynie & Yoder*, of Fort Wayne, and *Harker, Kiley and Osborn*, of Marion, for respondents.

HUNTER, C. J.—This original action arises out of proceedings involving a decedent's estate still pending distribution. The facts giving rise to this action are as follows:

The will of Ernie W. McDaniel was admitted to probate on February 6, 1964, and letters testamentary issued to the executor. Later the executor filed a petition for authority to accept payment under contract wherein it was alleged that decedent had agreed by written contract to convey on his death to Essex Wire Corporation stock which he owned in the same corporation. The court issued an order granting and approving the petition. The stock was subsequently conveyed to Essex Wire. About two (2) years later Betty Louise Foresman filed a petition for the vacation of the order approving transfer and for a return of the stock to the estate, con-

templating either Ind. Ann. Stat. §§ 6-121 or 7-710 (1953). Notice was sent to the executor and Essex Wire and a hearing was set. The circuit court later issued and ordered compliance with what was labeled a subpoena *duces tecum.*

The executor filed a response to the petition while Essex filed a plea in abatement challenging the jurisdiction of the court over the subject matter and over itself with a motion to quash the subpoena. On the overruling of the plea and motion the relator brought this original action challenging the court's jurisdiction. Having temporarily issued the writ, this court must now decide whether it s h o u l d be made permanent.

The relator contended in the plea in abatement that the petition did not aver any facts which would be sufficient under §§ 6-121 or 7-710, *supra,* for the relief prayed for and therefore the court did not have jurisdiction of the subject matter. However, what the relator is propounding is a misapplication of the principles of jurisdiction over the subject matter. We are concerned with the circuit court's "legal power" rather than "a right" to decide. *State ex rel. Wilson, etc.* v. *Howard Cir. Ct., etc.* (1957), 237 Ind. 263, 145 N. E. 2d 4; *State ex rel Dean et al.* v. *Tipton Circuit Ct.* (1962), 242 Ind. 642, 181 N. E. 2d 230. The relator does not challenge the general probate jurisdiction of the Grant Circuit Court, or its jurisdiction over the estate in the facts at bar. Once a court obtains probate jurisdiction over an estate, all other proceedings concerning the estate are a part of the original proceedings. Ind. Ann. Stat. § 7-102 (1953) provides:

> "The probate of a will and the administration of the estate shall be considered one proceeding for the purposes of jurisdiction, and said entire proceeding and the administration of a decedent's estate is a proceeding in rem."

*State ex rel Wilson, etc.* v. *Howard Cir. Ct., etc., supra.* Consequently, all matters relating to the administration of the

estate in the facts at bar are within the circuit court's jurisdiction with some exceptions. In so far as this matter arose under § 6-121, *supra,* the circuit court had jurisdiction of the subject matter. § 7-710, *supra,* provides an exception to § 7-102, *supra:*

"Insofar as concerns parties claiming an interest adverse to the estate, such procedure for disclosure or to determine title is an independent proceeding and not within section 702 (§ 7-102) hereof."

Basically this section presents matters of concurrent jurisdiction. However, the circuit court had jurisdiction to consider these matters as no other court had started proceedings.

When a court has jurisdiction of the subject matter, this means that the court has the power to decide, whether the decision is right or wrong. An erroneous decision does not take away jurisdiction of the subject matter. *State ex rel. Wilson, etc.* v. *Howard Cir. Ct., etc., supra,* at 267. Consequently, the relator's contentions in regard to the insufficiency of the petition under either § 6-121, *supra,* or § 7-710, *supra,* are not well taken. The circuit court had jurisdiction of the subject matter and therefore did not lose it due to any insufficiency of the petition.

Additionally, the relator contends that the court failed to obtain jurisdiction over it due to the fact that summons was not issued in compliance with the civil code of procedure or our court rules. The relator also contends that even if notice by registered mail is to be sufficient under Ind. Ann. Stat. § 6-112 (Supp. 1967), the notice was defective under this provision. Without deciding the validity of these contentions, it appears that the relator has waived any right to challenge the jurisdiction of the circuit court over the person (corporation in this instance). The relator made the challenge through a plea in abatement, but it appears the relator co-mingled matters in bar. In so doing the

relator has waived the matters in abatement. The relator set out the following matters in the amended plea in abatement:

"a. THIS COURT HAS no jurisdiction over ESSEX or the subject matter raised by said Application because it fails to aver any act or omission on the part of ESSEX or the captioned Executor involving any of the elements of illegality, fraud or mistake contemplated by Burns Revised Statutes of Indiana, 1953 Replacement, Section 6-121, or any of the elements of concealment, embezzlement, conversion, disposition, knowledge or possession contemplated by Burns Revised Statutes of Indiana, 1953 Replacement, Section 7-710 . . .

f. THE RELIEF PRAYED for in said Application requires as a condition precedent a legal tender to ESSEX or such depository as is required by law of all considerations paid by ESSEX pursuant to the agreement described in said Application but such tender is neither averred nor has it been made."

It is readily apparent that both of the above go to the merits of the petition and therefore are matters in bar. Consequently, the relator, by combining matters in bar with the plea in abatement, made a general appearance, thereby waiving any question of jurisdiction over the person. Ind. Ann. Stat. § 2-1034 (1946); *State ex rel. Gatewood* v. *Hamilton Circuit Court* (1967), 248 Ind. 248, 225 N. E. 2d 826; *State ex rel Harper* v. *Wheatley* (1963), 244 Ind. 245, 191 N. E. 2d 708. Consequently the lower court had the proper jurisdiction of the subject matter and of the corporation.

The relator further contends that the circuit court exceeded its jurisdiction in issuing what was called a subpoena *duces tecum*. It is immaterial to this decision whether this was in fact a subpoena *duces tecum* or a motion to produce under Ind. Ann. Stat. §§ 2-1644 (Supp. 1967) or 2-1645. Mandate and prohibition actions are not proper when a court's power or duty is discretionary; or if a mandatory duty is present, it *must be in favor of the relator. State Socony Mobil Oil Co. Inc.* v. *Delaware Cir. Ct.* (1963), 245 Ind. 154, 196 N. E. 2d 752. It is not necessary to decide

whether the issuance of a subpoena *duces tecum* or a motion to produce was here discretionary with the court; if anything it could well have been the mandatory duty of the court to grant the motion to produce. *State ex rel. Red Spot Paint & Varnish Co.* v. *Vanderburgh Cir. Ct.* (1966), 247 Ind. 296, 211 N. E. 2d 181. In this action neither are proper subjects for a writ in favor of the relator.

In view of the above we conclude in view of the facts and law asserted here, that a permanent writ should not issue; that the lower court had proper jurisdiction of all matters; and that in regard to the subpoena there was no mandatory duty upon the lower court *in favor of the relator*.

The temporary writ heretofore issued is now dissolved and the permanent writ denied.

Arterburn, Jackson and Lewis, JJ., concur.

Mote, J., not participating.

NOTE.—Reported in 230 N. E. 2d 436.