Carl A. **BRAUN**, Appellant
(Plaintiff Below),

v.

Ralph J. **LOSHE** and Decatur Auto Supply Inc. by its President Ralph J. Loshe, Appellees (Defendants Below).

No. 2–1076A367.

Court of Appeals of Indiana, Fourth District.

May 29, 1979.

Carl W. Braun, for plaintiff-appellant.

James A. Heimann, Decatur, Lon R. Racster, Portland, for defendants-appellees.

MILLER, Judge.

Plaintiff-appellant, Carl A. Braun (Braun) appeals the summary judgment by the trial court which granted defendants-appellees' Motion to Dismiss on the following grounds: res judicata, collateral estoppel, failure to state a claim upon which relief could be granted, laches and lack of a genuine issue as to any material fact.

The facts relevant to the proceedings which led to this appeal are as follows: On August 6, 1960, Ralph and Jeanette Loshe and Carl and Ruth Ann Braun jointly purchased an eighty acre farm in Adams County. In 1969, when the parties decided to sell the farm, the Brauns executed a quit claim deed and mutual release, conveying their interest in the property to the Loshes. On June 22, 1971, pursuant to a written proposition, Braun and his wife offered to buy the Loshes' interest in the property. The proposition was accepted by the Loshes. About one year later Braun and his wife assigned to their son, David Braun, all their interest in the real estate and written proposition. Then David filed an action in the Adams Circuit Court, hereinafter designated as the "First Cause."

*First Cause*

David's complaint against Ralph J. Loshe, Jeanette R. Loshe, and Patrick Loshe and Decatur Auto Supply, Inc., asked for specific performance of the proposition-agreement to purchase real estate, and, later, as amended, for an accounting and damages. Both parties filed motions for summary judgment. Subsequently, David reassigned his interest in the real estate to Braun and they then petitioned the court for authority to substitute and add Braun as a party. On April 15, 1974, the trial court granted the defendants' motion for summary judgment, and on April 19, 1974 said court struck the petition for authority to substitute Braun as a party. Eighty-one days after the court's summary judgment entry, Braun attempted to file a motion to correct errors. The court denied the motion. David Braun then filed a motion for relief from the judgment (Ind. Rules of Procedure, Trial

Rule 60), but it was later withdrawn. No appeal was perfected.

*Present Cause*

On December 2, 1975, Braun filed in the Adams Circuit Court his "Complaint for Property Recovery and Petition for Abstract Showing Good Merchantable Title to Real Estate as Per Sales Proposition." Venue was changed to the Jay County Circuit Court. After determining from the pleadings, motions and affidavits that the elements of res judicata were present, the trial court concluded that Braun had failed to state a claim upon which relief could be granted and thereupon granted the defendants' motion for summary judgment. The judgment was timely appealed.

We interpret Braun's appeal to raise the following issue:

Whether the judgment of the trial court, based on the determination that the cause was barred by res judicata, was contrary to law because (A) the trial court in the First Cause did not have jurisdiction of the subject-matter of the action and (B) the parties in the First Cause and the Present Cause are not identical within the meaning of the res judicata rule.

### A.

 Braun does not seriously contend that the court in the First Cause did not have subject-matter jurisdiction over that cause. Instead, he argues that he lost his opportunity to change the venue in that action by the court's failure to notify him in time to strike inappropriate counties.

Such error, if any, did not affect that court's power to adjudicate David Braun's case. We are concerned with a circuit court's jurisdiction of the subject-matter, its "legal power", as distinguished from the "right" to entertain the proceeding. *State ex rel. Essex Wire Corp. v. Grant Circuit Court* (1967), 248 Ind. 625, 230 N.E.2d 436; *State ex rel. Townsend v. Tipton Circuit Court* (1961), 242 Ind. 226, 177 N.E.2d 590; *Overpeck v. Dowd* (1977), Ind.App., 364 N.E.2d 1043, modified, Ind.App., 368 N.E.2d

1175. The Adams Circuit Court is a court of general jurisdiction and has jurisdiction to adjudicate actions to determine rights under a proposition to sell real property. Once the court assumed jurisdiction it was empowered to decide all questions involved in the controversy. *State ex rel. Townsend, supra.* Relief from all alleged errors whether in procedure, in the decision on the merits, or in allegations of fraud or collusion, should have been sought in a timely direct appeal therefrom, or they were waived. *State ex rel. Essex Wire Corp., supra; State ex rel. Dean v. Tipton Circuit Court* (1962), 242 Ind. 642, 181 N.E.2d 230; *State ex rel. Allman v. Superior Court for Grant County* (1939), 215 Ind. 249, 19 N.E.2d 467. It is a general policy of the law that courts will not grant a disappointed party a second opportunity to present the merits, if any, of its case. *State ex rel. Allman, supra; Novak v. Novak* (1956), 126 Ind.App. 428, 133 N.E.2d 578.

### B.

██ Braun also contends that because the Court did not allow him to be added as a party in the First Cause, there was no identity of parties in the two cases as required for an application of the doctrine of res judicata.

The general rule is that the plea of former adjudication is available only when there is privity and mutuality of estoppel. * * * Under the requirement of privity, only parties to the former judgment or their privies may take advantage of or be bound by it. A party in this connection is one who is "directly interested in the subject matter, and had a right to make defense, or to control the proceeding, and to appeal from the judgment." * * * A privy is one who, *after the commencement of the action*, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, or purchase. [citations omitted.]

*Tobin v. McClellan* (1947), 225 Ind. 335, 344, 73 N.E.2d 679, 683; 17 I.L.E. Judgments

§§ 422, 430; *Bailey v. Beekman* (1977), Ind. App., 362 N.E.2d 1171; *Kitts v. Willson* (1894), 140 Ind. 604, 39 N.E. 313; *Amann v. Tankersley* (1971), 149 Ind.App. 501, 273 N.E.2d 772. Persons in the relationship of assignor and assignee with respect to the subject matter are generally in privity. 17 I.L.E. Judgments § 422.

■ In the case of a transfer of interest subsequent to commencement of the action, substitution of the person to whom the interest is transferred is permitted but is not required and the action may be continued by or against the original party. Ind. Rules of Procedure, Trial Rule 25(C); 2 Harvey, Indiana Practice, at 431 (1970).

■ In the First Cause the defendants' motion for summary judgment was set for hearing on April 3, 1974. On that date David Braun filed a "Petition for Authority to Substitute and Add Party Plaintiff." In his affidavit before the trial court in the Present Cause, Braun asserted that he received a reassignment of all interests under the proposition from his son on or about April 1, 1974. Braun made no assertion that any particular interest or right of his was not adequately represented. He claimed only that he should have been added as a party so that all individuals "might be adequately represented and their interest in the . . . real estate might be fully adjudicated." Considering the late attempt to add Braun and the failure to show any harm to his interest from the denial of his substitution, we find no error in the determination by the trial court in this cause that there was privity, or identity of interests, between David Braun who was a party in the First Cause, and Braun, the one he was held to represent. *See, Groves v. Burton* (1954), 125 Ind.App. 302, 123 N.E.2d 204.

The petition to add a party may have been interpreted as a motion to intervene pursuant to Ind. Rules of Procedure, Trial Rule 24; however, no showing was made that, as a practical matter, Braun's ability to protect his interest in the property was impaired or impeded. Further, it would not have been an abuse of discretion for the trial court to find that the motion was untimely or that the intervention would unduly delay the adjudication of the cause. Trial Rule 24(C) specifically provides for appellate review of the court's negative determination upon a motion to intervene, a procedure neither party timely pursued.

■ When this court reviews the grant of summary judgment, we must determine whether there is any genuine issue of material fact and whether the law was correctly applied. *In re Conservancy District v. Kessler Farms Corp.* (1977), Ind.App., 363 N.E.2d 1004. The sole issue before the trial court was the question of the applicability of the doctrine of res judicata. We do not have before us, nor did the court below, the questions raised relating to the merits of the First Cause.

■ There appears to be no question of fact, only a legal question of the application of the doctrine of res judicata to the facts before us. There was identity of subject matter. The rights and responsibilities of the parties under the proposition were adjudicated in the First Cause, and were the sole basis of the complaint in the Present cause. All the issues need not be resurrected in this second suit so long as the one issue that was revived had been formerly fully adjudicated. A final judgment rendered on the merits followed the adversary proceeding in the First Cause and a court of competent jurisdiction rendered the decision thereon. Finally, we affirm the finding by the trial court that there existed an identity of the parties evident from their relationship of assignor and assignee with respect to the realty in question. *Amann, supra.* The trial court did not err in granting summary judgment.

We affirm.

CHIPMAN and YOUNG, JJ., concur.