962 F.2d 10
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Carl A. BRAUN, Plaintiff-Appellant,
v.
John W. FORCUM, Jeffrey Heffelfinger, James A. Heimann, et
al., Defendants-Appellees.
 No. 91-2028.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 24, 1992.*
Decided May 11, 1992.
 
 1
 Before RIPPLE and MANION, Circuit Judges, and GRANT, Senior District Judge.**
 
 ORDER
 
 2
 Plaintiff, Carl Braun, brought an action under 42 U.S.C. § 1983 alleging a violation of is constitutional right to appeal an adverse state court judgment, fraud and conspiracy to defraud. All but one of the defendants had moved to dismiss the complaint when Braun filed his own motion to dismiss with prejudice under Fed.R.Civ.P. 41(a). The district court granted Braun's motion, and denied his subsequent motion for relief from judgment under Fed.R.Civ.P. 60(b). This appeal followed.
 
 A. BACKGROUND[1]
 
 3
 This action centers around Braun's efforts over the last twenty years to regain his interest in a farm located in Adams County, Indiana. Braun's chief adversary throughout the years has been defendant Ralph Loshe.
 
 
 4
 In 1969, Braun executed a quit claim deed and mutual release conveying the real property to Loshe. Two years later, Braun made a written proposition to repurchase the property from Loshe. Although Loshe accepted the offer, the sale apparently was never finalized; and in 1972 Braun initiated, or caused to be initiated, a suit in Adams Circuit Court seeking specific performance of the proposition-agreement.[2] In 1974, the trial court granted Loshe's motion for summary judgment. No appeal was ever taken.
 
 
 5
 Undaunted, Braun filed yet another state court action against Loshe in 1975 seeking to recover the property. The second complaint was premised on the same proposition-agreement that formed the basis of the first. The court subsequently granted Loshe's motion for summary judgment, finding that Braun's action was barred by res judicata. That judgment was affirmed by the Indiana Court of Appeals in 1979. Braun v. Loshe, 180 Ind.App. 641, 390 N.E.2d 189 (Ind.App.1979).
 
 
 6
 The record is silent as to what transpired between the parties over the next fifteen years. But in August 1990, Braun decided to challenge the adverse judgment entered in 1974 by filing a belated motion to correct errors in the state court. Loshe thereafter sought and was granted injunctive relief against Braun. Judge Forcum, a defendant herein, issued the injunction order on August 22, 1990.[3] On November 19, 1990, Judge Forcum found that Braun had violated that order by filing the motion to correct errors, and ordered him to either terminate his efforts to appeal the earlier decision, or face incarceration. It was at that point that Braun sought the intervention of the federal courts.
 
 
 7
 On December 27, 1990, Braun filed his complaint under 42 U.S.C. § 1983 alleging that the state court judges who had participated in earlier suits, Judges Cosbey, Heffelfinger and Forcum, had conspired with Loshe and his attorney, James Heimann, to defraud him of his interest in the real property and to deprive him of his constitutional right to appeal the adverse decision issued in 1974. The only relief sought, however, was against Judges Forcum and Heffelfinger. Braun asked that they be "restrained" from imposing any sanction, including imprisonment, or otherwise interfering with his efforts to recover the real property and certain personal property (i.e., farm machinery). Braun amended his complaint on February 19, 1991 to include a prayer for monetary damages against Loshe and Heimann.
 
 
 8
 On February 19, 1991, Judge Forcum held a status hearing to determine whether Braun had purged himself of contempt in accordance with his order of November 19, 1990. Judge Forcum found that Braun had not only failed to comply with that order, but had further violated the injunction by initiating the federal action against Loshe. The court accordingly ordered that Braun be incarcerated until such time as he had terminated all actions against Loshe, including, the belated motion to correct errors, a replevin action filed in 1988, and the § 1983 action in federal court.
 
 
 9
 Braun notified the district court of his incarceration by letters dated February 22 and 25, 1991, and asked that the court either grant his motion for a restraining order against Judge Forcum, or find grounds for dismissing his complaint. On March 1, 1991, Braun filed a formal petition to dismiss his complaint with prejudice. The district court granted Braun's motion without prejudice on March 7, 1991, and, on March 25, 1991, amended its order to show that the dismissal was to have been with prejudice. The judgment as amended was entered on March 26.
 
 
 10
 Two days later, Braun filed a motion for relief from judgment under Fed.R.Civ.P. 60(b) contending that the dismissal had not been voluntary. He asked that the judgment be set aside and that the complaint be reinstated as to defendants Forcum, Loshe and Heimann. The district court denied the motion following a hearing on May 6, 1991.
 
 B. DISCUSSION
 
 11
 The only issue before this court is whether the district court abused its discretion in refusing to vacate the judgment of dismissal under Rule 60(b). United States v. One 1979 Rolls-Royce Corniche Convertible, 770 F.2d 713, 716 (7th Cir.1985). We conclude that it did not.
 
 
 12
 In order for Braun to obtain the relief requested, he must show that he had both grounds for relief, Fed.R.Civ.P. 60(b)(1)-(6), and a meritorious claim or defense. Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc., 687 F.2d 182, 185 (7th Cir.1982); Beshear v. Weinzapfel, 474 F.2d 127, 132 (7th Cir.1973). No one disputes the fact that Braun identified an adequate ground for relief. His motion to dismiss was improperly coerced by Judge Forcum's order of February 19, 1991 finding Braun in contempt for filing the federal action. See Donovan v. City of Dallas, 377 U.S. 408, 413-14 (1964) (state courts have no authority to enjoin a plaintiff from pursuing an in personam action in a federal court which has jurisdiction over the parties and subject matter, or to use contempt proceedings to punish a plaintiff for asserting his right to file in federal court). The defendants do, however, challenge the sufficiency of Braun's complaint. It is the latter which the district court found dispositive of Braun's motion. The court found that while Braun's motion to dismiss may have been involuntary, the claims he wished to reassert against the defendants lacked merit. We agree.
 
 
 13
 Braun does not contend that either the injunction or Judge Forcum's order of February 19, 1991 incarcerating him for contempt constituted an absolute bar to access to the courts, an issue which may have been cognizable in federal court. See Matter of Davis, 878 F.2d 211, 212 (7th Cir.1989); In re Green, 669 F.2d 779 (D.C.Cir.1981). He alleges only that it barred him from pursuing his "constitutional right" to appeal an adverse judgment which was entered eighteen years earlier by a state trial court. As the district court correctly noted, there is no constitutional right to such an appeal. Jones v. Barnes, 463 U.S. 745, 751 (1983); Abney v. United States, 431 U.S. 651, 656 (1977); Lynk v. LaPorte Superior Court No. 2, 789 F.2d 554, 565 (7th Cir.1986).
 
 
 14
 To the extent Braun would reassert his claim against defendants Heimann and Loshe, the court notes simply that neither acted "under color of state law," a prerequisite to suit under § 1983. Adickes v. Kress & Co., 398 U.S. 144, 150 (1972); Meier v. State Farm Mutual Auto. Ins. Co., 356 F.2d 504, 505 (7th Cir.), cert. denied, 385 U.S. 875 (1966) ("attorneys who participate in the trial of private state court litigation are not acting under color of state law within the Federal Civil Rights Acts"). Braun's allegation of a conspiracy among the defendants does not support a contrary conclusion. "Section 1983 does not ... punish conspiracy; an actual denial of a civil right is necessary before a cause of action arises." Goldschmidt v. Patchett, 686 F.2d 582, 585 (7th Cir.1982). See also, Adickes, 398 U.S. at 152.
 
 
 15
 Braun has clearly failed to allege any facts which, if true, would support a claim for relief under federal law or the Constitution of the United States. Under the circumstances, the district court acted well within its discretion in denying Braun's motion for relief from judgment under Fed.R.Civ.P. 60(b). The judgment of the district court is therefore
 
 
 16
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 **
 Hon. Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation
 
 
 [1]
 Much of the background information contained in this order was obtained from an opinion issued by the Indiana Court of Appeals in a related case, Braun v. Loshe, 180 Ind.App. 641, 390 N.E.2d 189 (Ind.App.1979). It is supplied only as a means of better understanding what has actually transpired to this point
 
 
 [2]
 Braun had assigned his interest in the property and the proposition-agreement to his son, David Braun, who in turn brought the law suit. Before the action was terminated, however, David reassigned his interest to his father
 
 
 [3]
 What conduct the order actually enjoins is unclear, a copy of the order was never made a part of the record in this case. That it enjoined further litigation against Loshe with respect to the Adams County farm appears undisputed