# FOR PUBLICATION



FILED

Jul 03 2012, 9:07 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CRAIG D. DOYLE**
**KURT V. LAKER**
Doyle Legal Corporation, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**ANNE L. COWGUR**
**WHITNEY L. MOSBY**
Bingham Greenebaum Doll LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., f/k/a WACHOVIA COMMERCIAL MORTGAGE, INC., | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1111-PL-1004 |
| | ) | |
| PNC BANK, N.A., f/k/a NATIONAL CITY BANK OF INDIANA, | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable David A. Shaheed, Judge
Cause No. 49D01-0812-PL-58043

**July 3, 2012**

**OPINION - FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Wells Fargo Bank, N.A., f/k/a Wachovia Commercial Mortgage, Inc., f/k/a The Money Store Investment Corporation ("Wells Fargo") appeals the trial court's grant of summary judgment in favor of PNC Bank, N.A., f/k/a National City Bank of Indiana ("National City") on Wells Fargo's complaint alleging breach of contract, promissory estoppel, unjust enrichment, breach of duty to deal in good faith, tortious injury to property interest, slander of title, and bad faith. Wells Fargo presents a single dispositive issue for our review, namely, whether the trial court erred when it found that the claims asserted in Wells Fargo's complaint are barred by res judicata.

We affirm.

## FACTS AND PROCEDURAL HISTORY

The facts and procedural history underlying this case[1] were set out in Money Store Investment Corporation v. Summers, 849 N.E.2d 544 (Ind. 2006) ("Money Store I"), as follows:

> From 1992 to 1996, Neal Summers granted eleven mortgages on three parcels of his real estate to Fort Wayne National Bank as security for a series of loans. Three of these mortgages contained dragnet clauses.
>
> In February 1998, Paula Phillips sued Summers and the company in which he was the sole shareholder, Mangy Moose Enterprises, Inc. Her complaint raised a dispute over the ownership of the trademark/trade name "Paula's Seafood." The parties entered into a written settlement agreement on September 21, 1999, and the suit was subsequently dismissed without prejudice.
>
> On September 15, 2000, Summers and Mangy Moose borrowed $508,275 from the Money Store Investment Corporation d/b/a First Union Small Business Capital and granted a mortgage on the same three parcels

---

[1] The parties refer to the prior action between the Money Store and Phillips as "the Allen County action," and we will do the same for ease of discussion.

2

used to secure the Fort Wayne National mortgages (to which National City succeeded), plus an additional six lots. On the same day, Mangy Moose, by Summers as president and secretary, borrowed $471,000 from Money Store, and granted a mortgage on the same real estate.

Prior to these loans, on August 30, National City sent to Money Store's title company three pay-off statements that included the daily interest. National City assured the title company that eight mortgages and two assignments of rents and leases would be released upon the proper payoff of the three loans. On September 15, National City received three payments, but one payment came up $375 short of the amount reflected on the pay-off statements. (Appellant's App. at 271–274.) National City did not release any of the mortgages and was still owed some $4700 on Mangy Moose's overdrawn checking account.[]

Phillips filed a motion to enforce the settlement agreement on August 10, 2001. Just over a month later, Money Store filed a complaint for foreclosure and appointment of a receiver. On February 5, 2002, the trial court in the Phillips[] action found that Summers and Mangy Moose had failed to comply with an earlier order and granted Phillips a $205,700 judgment.

Phillips then purchased National City's nine mortgages and two assignments of rents and leases, and National City assigned all of its interest to Phillips. In March 2002, Phillips filed a complaint to foreclose these mortgages, and also moved to intervene in the Money Store foreclosure action. Both Phillips and Money Store moved for summary judgment.

The trial court entered its judgment and decree foreclosing both Phillips' and Money Store's mortgages. (Appellant's App. at 48m–o, r.) It held that "dragnet" clauses contained in three of the mortgages assigned to Phillips secured "all debts or obligations owed to Paula Phillips by Summers," which included Phillips' judgment lien against Summers, Mangy Moose's overdrawn checking account, collection fees, attorney[']s fees, and interest. (Appellant's App. at 48h–i.) It granted Phillips priority over Money Store on the three Summers[] lots used as collateral in the mortgages assigned to Phillips.

The Court of Appeals affirmed, holding that "the mortgage dragnet clauses support[] the trial court's conclusion that the monetary judgment resulting from Summers' failure to comply with his written settlement agreement was, after Phillips acquired the mortgage through assignment by

3

National City, 'secured by' the dragnet mortgages." The Money Store Inv. Corp. v. Summers, 822 N.E.2d 223, 229 (Ind. Ct. App. 2005) vacated.

On transfer, our supreme court summarily affirmed this court's disposition of "the issues about the admissibility of the affidavits, Summers' personal liability, and attorney's fees." Id. at 550. But our supreme court reversed the trial court's grant of priority to Phillips over Money Store on the lots in question, reversing this court. Id. at 549-50.

Thereafter, on December 29, 2008, Wells Fargo[2] filed a complaint against National City with eight counts stemming from National City's refusal to release "at least nine mortgages" attaching to real estate in Fort Wayne owned by Summers. Appellant's App. at 28. In particular, Wells Fargo alleged breach of contract, promissory estoppel, unjust enrichment, duty to deal in good faith, tortious injury to property interest, slander of title, and bad faith. On May 12, 2011, National City filed a motion for summary judgment and, following a hearing, the trial court granted that motion. This appeal ensued.

## DISCUSSION AND DECISION

We review a summary judgment order de novo. Bules v. Marshall County, 920 N.E.2d 247, 250 (Ind. 2010). The purpose of summary judgment is to end litigation about which there can be no factual dispute and which may be determined as a matter of law. Shelter Ins. Co. v. Woolems, 759 N.E.2d 1151, 1153 (Ind. Ct. App. 2001), trans. denied. We must determine whether the evidence that the parties designated to the trial court presents a genuine issue of material fact and whether the moving party is entitled to

---

[2] The complaint listed the plaintiff as Wachovia Commercial Mortgage, Inc., f/k/a The Money Store Investment Corporation d/b/a First Union Small Business Capital. Wells Fargo is Wachovia's successor in interest.

4

a judgment as a matter of law. Ind. Trial Rule 56(C); Bules, 920 N.E.2d at 250. We construe all factual inferences in the nonmoving party's favor and resolve all doubts as to the existence of a material issue against the moving party. Bules, 920 N.E.2d at 250.

Wells Fargo contends that the trial court erred when it concluded that each of the claims asserted in its complaint is barred by the doctrine of res judicata. In Perry v. Gulf Stream Coach, Inc., 871 N.E.2d 1038, 1048 (Ind. Ct. App. 2007), we explained res judicata in relevant part as follows:

> The doctrine of res judicata consists of two distinct components, claim preclusion and issue preclusion. Dawson[ v. Estate of Ott, 796 N.E.2d 1190, 1195 (Ind. Ct. App. 2003)].
>
>> Claim preclusion is applicable when a final judgment on the merits has been rendered and acts to bar a subsequent action on the same claim between the same parties. When claim preclusion applies, all matters that were or might have been litigated are deemed conclusively decided by the judgment in the prior action. Claim preclusion applies when the following four factors are present: (1) the former judgment was rendered by a court of competent jurisdiction; (2) the former judgment was rendered on the merits; (3) the matter now at issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action was between parties to the present suit or their privies.
>
> Id. (emphases removed) (citations omitted).

Here, the trial court found and concluded in relevant part:

11. On June 27, 2006, the Indiana Supreme Court determined that Phillips, as the assignee of National City and the holder of National City's Mortgages held valid, enforceable and senior mortgages on Summers' real property (the "Real Property"). Money Store I, 849 N.E.2d at 544.

12. The Indiana Supreme Court expressly found:

> While it is true that Phillips stepped into the shoes of the mortgagee [i.e., National City], this entitled her to collect

5

> debts secured in accordance with the terms of the mortgages, not her judgment lien. The debts in this case were limited to the $375 short payment on the loan payoff and the $4700 overdrawn checking account, plus interest, collection costs, and attorney's fees.

Id. at 549.

13. After the Indiana Supreme Court decision, Phillips and the Plaintiff stood in the following order of priority as to the Real Property: (a) first, Phillips, as the assignee of the National City Mortgages, for the $375 short payment on the loan payoff and the $4700 overdrawn checking account; (b) second, the Plaintiff for the amount due on its mortgages and judgment liens against Summers; and (c) third, Phillips for a $205,700 judgment lien obtained against Summers. The Money Store Investment Corp. v. Summers, 909 N.E.2d 450, 456 (Ind. Ct. App. 2009) (hereinafter "Money Store II").

14. In this case, the Plaintiff seeks a determination that National City had an obligation to release the National City Mortgages after the September 15, 2000[,] closing and[] its failure to do so[] caused the Plaintiff damages for which National City is liable.

15. Entering judgment in favor of the Plaintiff—i.e., finding that National City had an obligation to release the National City Mortgages after the September 15, 2000 closing—would have the legal effect of rendering the National City Mortgages invalid, unenforceable and unassignable.

16. A finding here that National City did not hold valid and enforceable mortgages on the Real Property that could be assigned to and enforced by Phillips would be in complete contradiction [of] the findings and determinations [by our supreme court] in Money Store I.

17. For this reason, the claims asserted and issues raised by the Plaintiff in its Complaint . . . are barred by the doctrine of res judicata.

Appellant's App. at 15-16 (emphases original).

On appeal, Wells Fargo maintains that res judicata does not bar its claims for the following reasons: claim preclusion does not apply because there is no privity of parties

6

or mutuality of estoppel, and Wells Fargo is not asserting the same claims as decided in the prior matter and resolved by our supreme court. We address each contention in turn.

**Privity/Mutuality of Estoppel**

Wells Fargo first contends that there is no claim preclusion without privity of parties and that National City is not in privity with Phillips. In particular, Wells Fargo asserts that "a necessary component of privity is 'mutuality of estoppel'" and that National City has "failed to prove the 'mutuality of estoppel' necessary to qualify as a 'privy' to the Allen County Action." Brief of Appellant at 13-14. We cannot agree.

Wells Fargo is correct that the fourth element of claim preclusion requires that the parties to the subsequent action must be the same parties as, or those in privity with, those in the first action. See Perry, 871 N.E.2d at 1048. It is well settled that persons in the relationship of assignor and assignee with respect to the subject matter are generally in privity. Braun v. Loshe, 180 Ind. App. 641, 390 N.E.2d 189, 192 (1979). The few exceptions to that general rule do not apply here. See 17 I.L.E. Judgment § 367. National City and Phillips were named defendants in the Allen County action when National City assigned "all of its interest[s]" in its nine mortgages and two assignments of rents and leases to Phillips, and National City was dismissed as a party. Money Store I, 849 N.E.2d at 546. As our supreme court observed, Phillips "stepped into the shoes of" National City. Id. at 548. Thus, National City is in privity with Phillips with respect to the Allen County action.

Still, Wells Fargo contends, in effect, that Indiana case law requires mutuality of estoppel even where privity has been established. We cannot agree. Proof of mutuality

7

of estoppel is not required where, as here, privity was established by assignment when National City assigned its interest to Phillips.

### Same Issues

Next, Wells Fargo contends that claim preclusion does not apply here because it is not asserting the same claims as it did in the Allen County action. The most critical question for the application of res judicata is whether the present claims were within the issues of the first action or whether the claims present an attempt to split a cause of action or defense. MicroVote Gen. Corp. v. Indiana Election Comm'n, 924 N.E.2d 184, 192 (Ind. Ct. App. 2010). It has generally been said that the test for making this determination is whether identical evidence will support the issues involved in both actions. Id. Here, Wells Fargo contends that, while the pleadings in the Allen County action "did present the issue of whether the National City mortgages could secure other debts owed to Phillips or $5,181 in checking account overdrafts[,]" those pleadings "did not . . . require proof of the crucial allegation on which this current action depends: that National City made a binding contract with Wells Fargo to release its mortgages, even if it did not receive payment of the $5,181 overdraft." Brief of Appellant at 16. Accordingly, Wells Fargo maintains that the same evidence will not support the issues presented in both actions.

But, as National City points out, one of Wells Fargo's allegations in the Allen County action was that Phillips was estopped to enforce the National City mortgages. And the evidence advanced in support of that claim of estoppel included "National City's own affidavit testimony" that "no balance remained due on the National City loans

8

covered by the payoff statements on which Money Store relied to its detriment[.]" Appellee's App. at 127. Indeed, the trial court identified six specific pieces of evidence submitted in the Allen County action that Wells Fargo also relies upon in this case: facsimile correspondence between National City and Jeffrey Harlan in September of 2000; commercial loan pay-off statements from National City dated August 24, 2000; receipts from National City dated September 15, 2000; a letter from National City Bank to Phillips' attorney dated January 28, 2002; an Affidavit by Jeffrey Harlan; and an Affidavit by Kenneth Lust of National City dated June 4, 2003. Appellant's App. at 19.

We agree with the trial court that "identical evidence has been submitted in support of both the Plaintiff's Claims and Issues asserted herein and the equitable estoppel claim asserted in the [Allen County action]." Id. at 19. Accordingly, the matter now at issue was, or might have been, determined in the prior action. See Perry, 871 N.E.2d at 1048. Wells Fargo could have pursued its claim directly against National City, notwithstanding National City's assignment to Phillips, but Wells Fargo made no objection to National City's dismissal from the Allen County action.

Instead, Wells Fargo pursued Phillips, and its claim against Phillips was entirely derivative of its claim against National City. Thus, the adjudication in favor of Phillips was for these purposes an adjudication in favor of National City. Relitigation of the same or equivalent claim is barred by res judicata. Wells Fargo cannot avoid claim preclusion by attempting to re-cast its claim as a different cause of action when both claims share the same factual predicate and, again, the matter either was or might have been, determined in the prior action. Wells Fargo is not entitled to a second bite from the apple.

9

In sum, National City and Phillips are in privity for purposes of the instant action, and the issues are the same for purposes of res judicata. Wells Fargo does not dispute that the other two elements of claim preclusion are satisfied here. The trial court did not err when it concluded that National City is entitled to summary judgment under the doctrine of res judicata.

Affirmed.

RILEY, J., and DARDEN, J., concur.